[No. 22623. Department One. December 8, 1930.]

CLORA WYER, *Appellant*, v. R. D. HENDERSON, *Respondent*.[1]

*Patterson & Davis,* for appellant.
*Wilson C. Gresham,* for respondent.

TOLMAN, J.—Appellant, as plaintiff, brought this action, alleging that she had been induced by false and fraudulent representations to purchase a certain retail commercial business for the agreed price of thirty-five hundred dollars, of which she paid one thousand dollars in cash, and by written contract agreed to pay the remaining twenty-five hundred dollars in deferred installments, with interest. The complaint contains appropriate allegations of reliance upon the representations as made, their falsity, that the defendant is insolvent; and that he is threatening to declare a for-

[1]Reported in 294 Pac. 228.

feiture, in which event the plaintiff would lose all that she had received and would be unable to recover her loss in damages because of the defendant's insolvency. The prayer is for a restraining order enjoining the defendant from forfeiting the contract or retaking the property, for a cancellation of that part of the agreed purchase price which is in excess of the value of the property, and for the recovery of all sums paid in excess of the value of the property.

The defendant answered with appropriate denials and, by way of cross-complaint, sought the recovery of the unpaid portion of the purchase price in the amount of twenty-five hundred dollars and interest.

The case was tried to the court sitting without a jury, resulting in findings of fact, in the main, favorable to the defendant, and a judgment thereon against the plaintiff in the sum of twenty-two hundred dollars, and interest. From this judgment, the plaintiff has appealed.

Respondent has moved to strike the statement of facts and to affirm the judgment on the ground that no exceptions were taken to the findings of fact within the time limited by statute.

The record discloses that respondent gave written notice that findings of fact, conclusions of law and a judgment would be presented to the trial court for signature on a day certain. For some reason, not made plain, the papers were not then presented to the court; or at any rate, they were not signed by the court, until a day just seven weeks later than the day named in the notice, when, without any other or further notice having been given, the papers were signed by the court and filed in the office of the clerk on the day following.

Thereupon and on the day of the filing, respondent served on appellant's attorneys a cost bill which makes no reference to the making of the findings or the entry

of a judgment, but which does carry an item, without date, which reads: "To filing judgment, $6.00." Appellant's attorneys, seven days after the service at their office of this cost bill, learned of the entry of the judgment, and immediately filed exceptions to the findings of fact, the sufficiency of which, if filed in time, is not questioned.

The statute, Rem. Comp. Stat., § 383, requires such exceptions to be taken either at the time the decision is signed, or by filing written exceptions within five days after the filing of the decision; or, if the decision be signed subsequent to the hearing and in the absence of the party excepting, then "within five days after the service on such party of a copy of such report or decision or of written notice of the filing thereof."

It would be extremely technical to hold that the cost bill containing no reference to the making or filing of the findings or of the judgment, except as we have already stated, was a sufficient compliance with that part of the statute which we have quoted. Technicalities will not be indulged in to defeat the right of appeal, and we therefore hold that the exceptions were duly filed.

Coming to the merits, the questions presented are not so easy of solution. Treated as an action to recover damages because of false or fraudulent representations inducing the purchase, we, perhaps, would be forced to the result reached by the trial court; but treated as an action to recover the unpaid purchase money, with a defense on the part of the appellant of failure of consideration by reason of false and fraudulent representations, we think that common justice calls for a contrary result.

Appellant was a woman about forty years of age, an orchardist, with no experience of any moment in business affairs outside of raising and marketing the

product of her orchard. Her husband, who participated in the transaction to some extent, was equally unsophisticated and inexperienced. The place, an ice cream and lunch parlor with a line of candies and tobacco, was evidently fitted up and arranged with an eye to catching an unwary purchaser. A few goods were displayed in the show cases, but shelves, drawers and like places for the keeping of reserve stock were filled with empty boxes, cartons and cases all neatly tied up and arranged to indicate that they were filled with salable merchandise; and the testimony strongly preponderates that respondent, in direct words, represented that he had four thousand dollars invested in the business, that the soda fountain cost him, or was worth, eighteen hundred dollars, that the cartons and boxes contained the merchandise which they were designed to hold, and that there was stock enough on hand to supply the trade of the place all fall and winter. It is true that appellant had the opportunity to open and examine the boxes and cartons and did not do so, but the very manner of respondent's invitation to examine for herself was of a nature to disarm suspicion and an invitation to rely upon his representations.

All of this, coupled with hardly more than the semblance of a contention on the trial below on the part of respondent that there was anything approaching a value of thirty-five hundred dollars in the place, leads to the irresistible conclusion that, so far as the unpaid portion of the purchase price is concerned, there was an entire failure of consideration.

Since the respondent furnished no affidavit as to creditors under the bulk sales law, and as it now appears that he left unpaid indebtedness of the business amounting to at least three hundred dollars, for which the property received by the appellant may still be

held, it would appear that she has paid full value for all that respondent delivered to her, and is entitled to retain what she received.

The judgment appealed from is reversed, with instructions to enter a judgment denying any money recovery to either party, and confirming title to the property in the appellant.

MITCHELL, C. J., PARKER, and HOLCOMB, JJ., concur.

MAIN, J., concurs in the result.